IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00197-BNB

MARLON WASHINGTON,

     Plaintiff,

v.

COZZA RHODES, Warden,
DERRICK JONES, Food Service Supervisor, and
M. CUNDIFF, FCI Food Service,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Marlon Washington, a prisoner in the custody of the Federal Bureau of Prisons, is incarcerated at the Correctional Institution in Florence, Colorado.  He initiated this action by submitting *pro se* a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Mr. Washington has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

The Court must construe the Prisoner Complaint liberally because Mr. Washington is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Washington will be ordered to file an amended complaint.

Mr. Washington alleges in the Prisoner Complaint that on November 3, 2012,

while he was working in food service, he was assaulted by another inmate who punched

him in the face.  The inmate then threw a five-gallon bucket of "extreme hot liquid" on

Plaintiff, causing him to suffer second degree burns on his neck and upper chest.  Mr.

Washington alleges that no corrections officers were present during the assault to

oversee the dining area or the hot liquid source.  Plaintiff alleges that the Defendants

were responsible for the safety of the inmates and were aware that inmate injury was a

natural and foreseeable consequence of inmates having unsupervised access to hot

liquids.  Mr. Washington asserts that Defendants failed to protect him from assault by

another inmate, in violation of the Eighth Amendment.  He requests injunctive and

monetary relief.

      The Prisoner Complaint is deficient because Mr. Washington fails to allege

specific facts to show the personal participation of the Defendants in a deprivation of his

constitutional rights.  Personal participation is an essential element of a *Bivens* action.

*See Kite v. Kelley*, 546 F.2d 334, 338 (1976).  Plaintiff therefore must show that each

named Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*,

473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged

constitutional violation and each defendant's participation, control or direction, or failure

to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993);

Supervisors can only be held liable for their own deliberate intentional acts.  *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455

F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 [or *Bivens*]

for their own culpable involvement in the violation of a person's constitutional rights.");

2

*see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008)

("[ **Bivens**] does not recognize a concept of strict supervisor liability; the defendant's

role must be more than one of abstract authority over individuals who actually

committed a constitutional violation.").

Furthermore, negligent acts do not violate the Constitution. **Daniels v. Williams**,

474 U.S. 327, 330 (1986); **Farmer v. Brennan**, 511 U.S. 825, 835 (1994).  Accordingly,

it is

ORDERED that Plaintiff, Tyrone Duante Small, file **within thirty (30) days from

the date of this order,** an amended complaint that complies with the directives in this

order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner

Complaint form (with the assistance of his case manager or facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that

complies with this order to the Court's satisfaction within the time allowed, the Court will

dismiss some of the Defendants without further notice for the reasons discussed above.

It is

FURTHER ORDERED that the Motion to Appoint Counsel for Plaintiff's Case

(ECF No. 4) is **denied as premature**.

DATED at Denver, Colorado, this 26th day of February, 2013.

BY THE COURT:


_s/Craig B. Shaffer_
Craig B. Shaffer
United States Magistrate Judge