IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00197-BNB

MARLON WASHINGTON,

    Plaintiff,

v.

COZZA RHODES, Warden,
DERRICK JONES, Food Service Supervisor, and
M. CUNDIFF, FCI Food Service,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Marlon Washington, a prisoner in the custody of the Federal Bureau of Prisons, is incarcerated at the Correctional Institution in Florence, Colorado. He initiated this action by submitting *pro se* a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He filed an amended complaint on February 15, 2013. Mr. Washington has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

    On February 26, 2012, Magistrate Judge Craig B. Shaffer reviewed the amended complaint and found it to be deficient because Mr. Washington failed to allege the personal participation of the Defendants in a deprivation of his constitutional rights. Magistrate Judge Shaffer ordered Plaintiff to file a second amended complaint within thirty days of the February 26 Order and warned Plaintiff that failure to comply would result in dismissal of the action without further notice.

Mr. Washington did not file a second amended complaint by the court-ordered deadline.

The Court must construe the amended complaint liberally because Mr. Washington is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the amended complaint will be dismissed.

Mr. Washington alleges in the amended complaint that on November 3, 2012, while he was working in food service, he was assaulted by another inmate who punched him in the face. The inmate then threw a five-gallon bucket of "extreme hot liquid" on Plaintiff, causing him to suffer second degree burns on his neck and upper chest. Mr. Washington alleges that no corrections officers were present during the assault to oversee the dining area or the hot liquid source. Plaintiff asserts that the Defendants were responsible for the safety of the inmates and were aware that inmate injury was a natural and foreseeable consequence of inmates having unsupervised access to hot liquids. Mr. Washington claims that the Defendants failed to protect him from assault by another inmate, in violation of the Eighth Amendment. He requests injunctive and monetary relief.

Mr. Washington cannot maintain a *Bivens* action against the Defendants because he fails to allege their personal participation in a deprivation of his constitutional rights. Plaintiff was warned by Magistrate Judge Shaffer in the February 26 Order that personal participation is an essential element of a *Bivens* action. *See Kite v. Kelley*, 546 F.2d 334, 338 (1976). Mr. Washington therefore must show that each

named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); Supervisors can only be held liable for their own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 [or *Bivens*] for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[ *Bivens*] does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Mr. Washington asserts a *Bivens* claim against Defendant Rhodes, the prison Warden, based solely on the Warden's supervisory status. Plaintiff does not allege any specific facts to show that Defendant Rhodes was personally involved in a deprivation of his constitutional rights. Accordingly, Defendant Rhodes is an improper party to this action and will be dismissed.

Mr. Washington asserts claims against Defendants Jones and Cundiff, who are supervisors in Food Services, for failure to provide a safe work place. However, negligent acts do not violate the Constitution. *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Plaintiff does not state an arguable Eighth Amendment claim because he fails to allege facts to show that the Defendants acted with deliberate indifference to conditions posing a substantial or excessive risk of harm to his health or safety. *Farmer*, 511 U.S. at 834, 837.

Accordingly, Defendants Jones and Cundiff are also improper parties to this action and will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Washington files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Amended Complaint and this action are DISMISSED for the reasons discussed above. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Washington has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Mr. Washington may file a motion in the Tenth Circuit Court of Appeals.

DATED at Denver, Colorado, this  4th  day of   April  , 2013.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court